Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

# UNITED STATES DISTRICT COURT

for the

Middle District of Florida

Tampa Division

|  |  |
|---|---|
| Thaddeus Tarrives Boyd | Case No. 8:20-cv-2817-T-02SPF |
| _Plaintiff(s)_ | _(to be filled in by the Clerk's Office)_ |

_(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)_

see Attached

-v-

Sergent Dechner, Pinellas county sheriffs office
Classification Specialist Paolillo, Lt Bowman
Dep. Batson, Dep. Deboy, Deputy Dice, Sgt Hastings
Classification Spec McWilliams, Sgt. Serrano, Cpt Mayo
Sgt. Loftus, Dep Rengster Det. Belvis
Sherif Bob Gualtieri, pinellas county

_Defendant(s)_

_(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names. Do not include addresses here.)_

## AMENDED COMPLAINT FOR VIOLATION OF
## CIVIL RIGHTS (Prisoner Complaint)

---

### NOTICE

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in forma pauperis.

---

Defendants continued

Stacy McNally Fla Bar #1040630 Pinellas County Public Defender, Captain Moyer, Sgt Loftus, Sgt. Trautman, Michael F. Andrews, Judge pinellas county Jail Justice Center, Jawn Saldivar bar #106654 Assistant State Attorney for the sixth Judicial of the state of Florida. Cpl.Andrews, Administrative Assistant Appel, Deputy Brinson

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

## I.     The Parties to This Complaint

### A.     The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint.  Attach additional pages if needed.

| | |
|---|---|
| Name | Thaddeus Tarriues Boyd |
| All other names by which you have been known: | Is Ra El Boyd |
| ID Number | 1840040 |
| Current Institution | Pinellas County Jail |
| Address | 14400 49TH Street North |
| | Clearwater      Fl      33762 |
| | City          State      Zip Code |

### B.     The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation.  Make sure that the defendant(s) listed below are identical to those contained in the above caption.  For an individual defendant, include the person's job or title *(if known)* and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both.  Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | Bob Guertier      Sheriff |
| Job or Title *(if known)* | Pinellas County Sheriff |
| Shield Number | Pinnellas County Sherrifs Office |
| Employer | |
| Address | Ulmerton Rd  Largo Florida |
| | Largo      Fl |
| | City          State      Zip Code |

☑ Individual capacity  ☑ Official capacity

Defendant No. 2

| | |
|---|---|
| Name | Stacy McNally  Fla Bar # 140030 |
| Job or Title *(if known)* | Public Detender  -  Bob Dillenger |
| Shield Number | |
| Employer | Bob Dillenger Public Detender 6TH Judicial |
| Address | Circuit. County Justice Center 14250 49TH St N |
| | Clearwater      Fl      33762 |
| | City          State      Zip Code |

☑ Individual capacity  ☑ Official capacity

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

Defendant No. 3

Name — *Circuit* Judge Micheal Andrews *6th Judicial*

Job or Title *(if known)* — Judge Division 13 County Justice Center

Shield Number — 14250 49th Street No

Employer — Pinellas County Justice Center

Address —

Clearwater — Fl — 33762
City — State — Zip Code

[✓] Individual capacity   [✓] Official capacity

Defendant No. 4

Name — *bar #* Juan Salvadir 106654

Job or Title *(if known)* — State Attorney 6th Judicial Pinellas

Shield Number — County bar #106654

Employer — County Justice Center 14250 49th Street No

Address — Bonie McCabe State Attorney 6th Judicial Circuit
Clearwater — Fl — 33762
City — State — Zip Code

See Attached

[✓] Individual capacity   [✓] Official capacity

See next page cont

## II.   Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]."  Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)*, you may sue federal officials for the violation of certain constitutional rights.

A.   Are you bringing suit against *(check all that apply)*:

[ ] Federal officials (a *Bivens* claim)

[✓] State or local officials (a § 1983 claim)

B.   Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]."  42 U.S.C. § 1983.  If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

6th Amendment, 8th Amendment   14th Amendment
1st Amenment freedom of Speech assemble, 3rd Amendment, 4th Amendment, 5th Amendment

C.   Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights.  If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

D.  Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under *Bivens*, explain how each defendant acted under color of federal law. Attach additional pages if needed.

See Attached   Sherrits   Office   and   Justice Center

## III.   Prisoner Status

Indicate whether you are a prisoner or other confined person as follows *(check all that apply)*:

☒  Pretrial detainee

☐  Civilly committed detainee

☐  Immigration detainee

☐  Convicted and sentenced state prisoner

☐  Convicted and sentenced federal prisoner

☐  Other *(explain)* _____

## IV.   Statement of Claim

State as briefly as possible the facts of your case. Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A.  If the events giving rise to your claim arose outside an institution, describe where and when they arose.

St. Petersburg   officers   from City   police   department Officer Hayes and Officer Jeff Lewis my problems or issues began here Police Officer Did unlawful line up arrested me and confisced my phone.

B.  If the events giving rise to your claim arose in an institution, describe where and when they arose.

I was located in Pinellas County Jail situations of negligence began here 6/23/2020 in Confinment area of Jail in Delta 1

C.    What date and approximate time did the events giving rise to your claim(s) occur? 6/29/2020 — 7-7-2020 Approx 12:30 Am was spit on

See Attached next page

D.    What are the facts underlying your claim(s)? *(For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)* I wrote on Kiosk 6/23/2020 that I was disabled and on Red-Dot to Classification upon arrival to Pinellas county Jail. Classification Specialist Paolio #5741 on 6/29/2020 claimed that I was properly housed. I was in H.D. then Transported to Confinement on 7/7/2020 when I was spit on by inmate cirezrez. Sgt Deckner Stated he knew I wanted to press charges.

See Attached nex page

## V.    Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did not receive. I am a spinal Injury and post Traumatic Stress disorder recipient. I am ADA required. I have not recieved my medications during my entire incarceration. I am having nightmares and cold sweats. I have extreme paranoia frequent headaches and back and joint pains. I am constantly being picked on by inmates in this jail by lables. See Attached Next page

## VI.    Relief

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged. Explain the basis for these claims. I wish to be given $100,000 for being placed on Red Dot Closed custody and being placed in cell where I was spit on and written up. I want $50,000 for being lablee A preditor. I want officer remanded and I want apologizes for being treated un-fairly. I want all of my rights secured and to be free from further assalts and abuse. I also want an additional $50,000 for pain and suffering emotional and physical

## VII.   Exhaustion of Administrative Remedies Administrative Procedures

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

Administrative remedies are also known as grievance procedures.  Your case may be dismissed if you have not exhausted your administrative remedies.

A.   Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

☒ Yes

☐ No

If yes, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

Pinellas   County   Jail

B.   Does the jail, prison, or other correctional facility where your claim(s) arose have a grievance procedure?

☒ Yes

☐ No

☐ Do not know

C.   Does the grievance procedure at the jail, prison, or other correctional facility where your claim(s) arose cover some or all of your claims?

☒ Yes

☐ No

☐ Do not know

If yes, which claim(s)? Just the Issues Regarding my medicle Issues my General Issues about being on Red Dot Status. Being in Cell 23 hours a day having no access to courts having my belongings given away being descriminated against.

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

D.   Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose concerning the facts relating to this complaint?

☒ Yes

☐ No

If no, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

☐ Yes

☐ No

E.   If you did file a grievance:

1.   Where did you file the grievance?   I filed grievence on kiosk

2.   What did you claim in your grievance?   That I was being denied proper due Process and being descrimminated against. That my belonging were being taken and given away that I was in pain and suffering. That I needed my shoes and cane that I needed law work done etc See previous page

3.   What was the result, if any?   See attached

4.   What steps, if any, did you take to appeal that decision?   Is the grievance process completed?   If not, explain why not. *(Describe all efforts to appeal to the highest level of the grievance process.)*   See attatched

666 Broadway Suite 7          Cristi Pardo
Ny Ny 10012                                    818747

Classification Spec Paolillo #57541 Initial officer acknowledged
red-dot Status 6/29/2020 since 2007 Red dot
    7-7 Sgt Guzman #56524 denied my property being given away 7-10-
7-12- Administrative closed appointment to see me 7/7 I attempt
to write grievance on Deputy dice for giving away my personal
property to other inmates and writing me a Dr when I add
ressed issues and being locked up in room shackled and cuffed
after being spit on
    7/7 Sgt Deckner #2175 D.I.U notified of wishes to press
Charges
    Detective Belvis #58253 7/10/2020 Told to allow 7-10
days to elapse before writing another request.
    Dep Renaker #60084 7/20/2020 Administratively closed my
request to Sgt request for reclass from red-dot adseg
    — Not Defendent reference of first grievance Lt. Blount #56842 permission
to file grievance against Classification 7/20/2020
    8-17/2020 Sgt. Franjesivic #55432 Responded to my classification
request notified of 8th Amendement violations cruel and unusual
punishment
    — Lt Bowman #57486 first letter to sherif 8/28/2020
    Dep Renaker #60084 Denied request for reclass 8/12/2020
    Sgt Hastings #55163 8/28/2020 denied me permission to write grievance
for classification
    Cpl Brinson #58505 Administratively closed my request to Division Comma
nder notified my intent to file a §1983 8/28/2020
    Sgt. Loftus # 54643 8/31/2020 stated detective Traughtman
    Sgt Hastings 9/2/2020 asked me to specify when insideint
    Detective Belvis stated Deputy Traugh Trautman stated I accord
wasn't spit on 9/8/2020
    9/1/2020 Notice of Suit

9/14/2020 Admin assistant Beam #59425 mentioned per Kiosk leagle work being screened and filtered mention of Cpl Caminero approving more copies.

Class spec Paollio # 57541 stated I was properly housed after again attempting to get off red dot status

Attemp pro Se Law library check 9/23/2020 Beam

Lt. Bowman # 57486 9/23/2020 responded to my letter to the sherriF. Gualtieri dated 9/15/2020 Reference Case #1045392 spit on by Cisneroz no further pursuit. classification custody reF case # 1013905 cpt Moyer stating deniel and I didn't appeal told to exhaust administrative remedies reference to inmate handbook.

— Sgt. Serrano #57597 9/24/2020 permission to write grievence Nov. 17 Motion to Supress

Cpt Moyer #54862 Remaved me from Red dot status 10/1/2020 however kept me on Ad-seg and still labled a predator. So from 2008 until June or Oct Red dot. Response to grievence

Sgt Bethel # 56315 Denied permission to appeal grievence 10/2/2020

Sgt Serrano #57597 denied me permission to appeal findings

Permission to file grievence on Law Library granted 10/29/2020 on Norlander and beam access to courts to be moved out of court room not able to meet dead lines photo copies etc Judge Andrews and Cpt Andrews situation

Norlander #55209

Borderner #54582

Court date 12/17/2020
1/4/2024
1/15/2021

— Sgt Martinez #58338 granted permission to write grievence
adseg 10/30/2020

11/3/2020 Notified Admin Assistent Beam of Judge being prejudge-
mental do to verbal and corospandance with detention deputies.
not being able to prove that I am have or attempted to exhaust
administrative remedies

Cpt Moyer denied my Informal grievence Nov. 4, 2020 and
continued to call me Known predetor and claims that I was
being punished for incident where I was spit on.

Sgt Naylor #57655 11/26/2020 won't allow me to write Formal
grievence

Class. Spec Brtan #58913 stated unable to work do to institutial
behaivior 11/28/2020

— Sgt Hillman #57830 granted permission to write classification
grievence 11/27/2020

Admin Assistant Appel #55540 12/9/2020 sent copies of my
Florida Bar rebuttle

Cpt Moyer #54862 Denied my classification Grievence again
12/14/2020

F.    If you did not file a grievance:

    1.   If there are any reasons why you did not file a grievance, state them here:

    2.   If you did not file a grievance but you did inform officials of your claim, state who you informed, when and how, and their response, if any:

G.    Please set forth any additional information that is relevant to the exhaustion of your administrative remedies. i wrote to Judicial Qualifications to move Judge Andrews from my case. I wrote police department St. Petersburg about phone.

*(Note:  You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.)*

## VIII.   Previous Lawsuits

The "three strikes rule" bars a prisoner from bringing a civil action or an appeal in federal court without paying the filing fee if that prisoner has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

To the best of your knowledge, have you had a case dismissed based on this "three strikes rule"?

☐ Yes

☒ No

If yes, state which court dismissed your case, when this occurred, and attach a copy of the order if possible.

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

A.   Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

☐ Yes

☒ No

B.   If your answer to A is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

   1.   Parties to the previous lawsuit

      Plaintiff(s) _____

      Defendant(s) _____

   2.   Court *(if federal court, name the district; if state court, name the county and State)*

      _____

   3.   Docket or index number

      _____

   4.   Name of Judge assigned to your case

      _____

   5.   Approximate date of filing lawsuit

      _____

   6.   Is the case still pending?

      ☐ Yes

      ☐ No

      If no, give the approximate date of disposition. _____

   7.   What was the result of the case? *(For example: Was the case dismissed?  Was judgment entered in your favor?  Was the case appealed?)*

      _____

C.   Have you filed other lawsuits in state or federal court otherwise relating to the conditions of your imprisonment?

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

☑ Yes

☐ No

D. If your answer to C is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1. Parties to the previous lawsuit

   Plaintiff(s)   Thaddeus T Boxel

   Defendant(s)   Jim Coats et al

2. Court *(if federal court, name the district; if state court, name the county and State)*

   Middle District

3. Docket or index number

   Unknown

4. Name of Judge assigned to your case

   Unknown

5. Approximate date of filing lawsuit

   2006 - 2007

6. Is the case still pending?

   ☐ Yes

   ☑ No

   If no, give the approximate date of disposition    2007

7. What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

   I'm un sure I went to prison left state

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

## IX.   Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.   For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served.  I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:   1/24/2021

Signature of Plaintiff   *Thaddeus T Boyd*

Printed Name of Plaintiff   Thaddeus Tarrives Boyd

Prison Identification #   #184004023843

Prison Address   Pinellas County Jail 14400 49th Street No

Clearwater _____ Fl ___ 33762 ___

           *City*        *State*        *Zip Code*

### B.   For Attorneys

Date of signing:   _____

Signature of Attorney   _____

Printed Name of Attorney   _____

Bar Number   _____

Name of Law Firm   _____

Address   _____

           *City*        *State*        *Zip Code*

Telephone Number   _____

E-mail Address   _____



# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

THADDEUS BOYD,

     Plaintiff,

v.

                                     Case No. 8:20-cv-2817-T-02SPF

SERGEANT DECKER, *et al.*,

     Defendants.

_____/

## ORDER

THIS CAUSE is before the Court on Plaintiff Boyd's's Civil Rights Complaint (Doc. 1). Boyd failed to submit the complaint on the Court's standard civil rights complaint form. Although the complaint is handwritten neatly, it is missing required information. Further, Boyd has not paid the filing fee or moved to proceed *in forma pauperis* in this action. Under Rule 1.03(e) of the Local Rules of this Court, the case is subject to dismissal if the fee is not paid or a motion for leave to proceed *in forma pauperis* is not filed within thirty (30) days after the case commences.

Accordingly, it is **ORDERED** that:

1. Boyd's Complaint (Doc. 1) is **DISMISSED without prejudice** to file an amended complaint on the proper form within **THIRTY (30) DAYS** of the date of this Order.

    a. The Amended Complaint must be retyped or rewritten in its entirety

on the court-approved form and may not incorporate any part of the
original complaint by reference.

b. The Amended Complaint supersedes the original complaint, and all
claims must be raised in the Amended Complaint. *See Malowney v.
Fed. Collection Deposit Group*, 193 F.3d 1342, 1345 n.1 (11th Cir. 1999)
(an amended complaint supersedes an original complaint).

2. Within **THIRTY (30) DAYS** of the date of this Order, Boyd either must
either file a fully completed "Prisoner Civil Rights Affidavit of Indigency"
form (if Boyd desires to proceed as a pauper and incur the pauper's filing fee
of $350) or pay the $400.00 filing fee (if Boyd does not desire to proceed as
a pauper).

3. **Boyd's failure to timely comply with this order may result in the dismissal
of this case without prejudice without further notice.**

4. The clerk must send to Boyd the following:

a. A copy of the standard prisoner civil rights complaint form; and

b. A "Prisoner Civil Rights Affidavit of Indigency" form.

**DONE and ORDERED** in Tampa, Florida, on January 19, 2021.

**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

**PINELLAS COUNTY SHERIFF'S OFFICE**
**DEPARTMENT OF DETENTION AND**
**CORRECTIONS**



## PART 1. - REPORT OF INFRACTION    SD21-026

| 1. NAME OF INMATE Boyd, Thaddeus | 2. DOCKET # 1840040 | 3. DATE OF INFRACTION 1/29/2021 |
|---|---|---|

| 4. TIME 2200 | 5. PLACE OF INFRACTION Lower Gulf | 6. FACILITY South | 7. HOUSING AREA Pod 1 |
|---|---|---|---|

| 8. VIOLATION Fighting With Another Person | 9. VIOLATION # XVII-B-15 |
|---|---|

| 10. DESCRIPTION OF ALLEGED INFRACTION:    Inmate Boyd was in a physical altercation with Inmate Sullivan. |
|---|

| 11. SIGNATURE OF REPORTING EMPLOYEE / DATE & TIME  60388  1/29/2021  2200 | 12. NAME & TITLE (PRINT) Deputy Brown |
|---|---|

| 13. DISCIPLINARY REPORT DELIVERED TO INMATE BY: Dep Tw 4280 | 14. DATE & TIME DELIVERED 1/29/21  2345 |
|---|---|

## PART 2.    COMMITTEE ACTION

**15. COMMENTS OF INMATE TO COMMITTEE REGARDING INFRACTION (INCLUDE PLEA):**
(Note if inmate was NOT present at hearing and WHY)

Inmate Boyd pled not guilty to the violation of Fighting with another inmate. Boyd used as to explain that he was being harassed by other inmates within the pod and when he entered his cell Inmate Sullivan attacked him. When informed of my video review of the incident Boyd stated he has PTSD, which does not negate his involvement in a physical altercation.

**16. IT IS THE FINDING OF THE COMMITTEE THAT ("X" APPLICABLE BOX)**

YOU    COMMITTED    THE    PROHIBITED    ACT    AS    CHARGED ☑

YOU    DID    NOT    COMMIT    A    PROHIBITED    ACT ☐

YOU COMMITTED THE FOLLOWING PROHIBITED ACT ................................................ ☐

**17. COMMITTEE FINDINGS ARE BASED ON THE FOLLOWING INFORMATION:**
Findings based on progressive discipline, previous disciplinary history, written documentation of incident by staff and seriousness of facility violations. Inmate Boyd appears to be the aggressor of this incident.

**18. COMMITTEE ACTION:**    Guilty, 15 days disciplinary confinement with loss of privileges

| 19. DATE OF ACTION 2/4/21 | CHAIRPERSON Gil James  58527 |
|---|---|

| MEMBER Dep Bing  60137 | MEMBER |
|---|---|

6-30-15

ASK Admin Reports

11/2/2020
7:35 AM

*exibit*
*Exhaustion*

**Pinellas County**
**Print Message Report**
**From 1/1/1900 To 11/2/2020**

**Case #: 1101353**

Inmate: BOYD, THADDEUS
Recipient: HOUSING DEPUTY
Cellblock: SD-4F-CC02-SC2-001
Case Cellblock: SD-4F-CC02-SC2-001

ID: 1840040
Created: 10/29/2020 11:04 AM

Type: Request
Category: 10. Law Library Request
Sub-Catgory: Law Library Request
Status: Pending, Unfounded

| From | To | Message | Entered |
|------|-----|---------|---------|
| BOYD, THADDEUS | HOUSING DEPUTY | i am unable to recieve copies of my hand writtengrievenses and letters because i dont have photo copy access ... i dont have enough leagle envelopes so i cant optain proof that i am exhausting my administrative remedies ... i cant obtain proof that i am submitting documents so i amun able to meet certain deadliens nor can i validate my claims ... i have no way to even show that i mailed out documents ... i have writtenseveral institutios includind police departments sherif and center for costitutional rights ...my personal property was taken by police withno records in storage ... judge is being rejudgemental do to dialogues he is having with detention deputies ... im haveing difficulty filing complaints due to not haing access to courts my case laws have | 10/29/2020 11:05:00 AM |

*8Enre:*
*Docket line*
*Legal mail*
*Log.*

*Judge Access*
*to Jims*

DEP. SNITKO #58643      LAW LIBRARY      Forwarded for your review.      10/29/2020 3:43:00 PM

*Why in Ad seq. ? →*
*2007*

Page 1

# REGISTER OF ACTIONS
### CASE NO. 20-04876-CF



Order Documents!   *Click Here!*

*Request Now!*   Including Certified!

STATE OF FLORIDA vs. BOYD, THADDEUS TARRIUES

§
§
§
§
§
§
§

|  |  |
|---|---|
| Case Type: | FELONY |
| Date Filed: | 05/22/2020 |
| Location: | Division B |
| Judicial Officer: | ANDREWS, MICHAEL F |
| LAB REPORT NUMBER: | 20-00366 |
| UNIFORM CASE NUMBER: | 522020CF004876000APC |

---

## PARTY INFORMATION

**Attorneys**

BONDSMAN/DINICK OF TIME BAIL BONDS
   14835 49TH ST N
   CLEARWATER, FL 33762
   Removed: 06/24/2020
     DISCHARGE OF SURETY BOND

DEFENDANT   BOYD, THADDEUS TARRIUES

   3075 ONEHALF 17TH AV S
   ST PETERSBURG, FL 33712
   Other Agency Numbers
     01608790 TRUE SPN

Male Black
DOB: 11/24/1980
6' 0", 165 lbs

**STACY MCNALLY**
*Public Defender*
Attn: PUBLIC DEFENDERS
OFFICE
14250 49TH STREET NORTH
CLEARWATER, FL 33762

727-464-6516(W)

STATE   STATE OF FLORIDA

**JUAN SALDIVAR, JR**

STATE ATTORNEY'S OFFICE
PO BOX 5028
CLEARWATER, FL 33758

727-464-6221(W)

---

## CHARGE INFORMATION - (CHECK PCSO FOR CUSTODY INFO)

Charges: BOYD, THADDEUS TARRIUES
1. POSSESSION OF COCAINE
2. RESISTING AN OFFICER; W/O VIOL (OBSTRUCTION)

| | Statute | Level | Date |
|---|---|---|---|
| 1. POSSESSION OF COCAINE | 893.13(6)(A) | FELONY - 3RD DEGREE | 05/21/2020 |
| 2. RESISTING AN OFFICER; W/O VIOL (OBSTRUCTION) | 843.02 | MISDEMEANOR - 1ST D | 05/21/2020 |

Bonds
SURETY BOND    #FCS102122656    $150
  05/24/2020     OPEN BOND
  06/20/2020     RELEASED BOND
  Counts:2
  05/22/2020     Arrest Date
  Comments:     PCSO Receipt Number 000433528;

SURETY BOND    #FCS102122655    $1,000
  05/24/2020     OPEN BOND
  06/24/2020     RELEASED BOND
  Counts:1
  05/22/2020     Arrest Date
  Comments:     PCSO Receipt Number 000433531;

---

## EVENTS & ORDERS OF THE COURT

### OTHER EVENTS AND HEARINGS

| | |
|---|---|
| 11/17/2020 | PRE-TRIAL (8:30 AM) (Judicial Officer ANDREWS, MICHAEL F) |
| 10/26/2020 | MOTION (2:00 PM) (Judicial Officer ANDREWS, MICHAEL F) |
| | *Motion to Suppress* |
| | Result: HEARING HELD |
| 10/26/2020 | ORDER DENYING - IN COURT      Doc # 57 |
| | *PD/MTN TO SUPPRESS* |
| 10/08/2020 | NOTICE RETURNED SERVED      Doc # 56 |
| 10/02/2020 | NOTICE OF HEARING      Doc # 55 |
| | *MOTION 10/26/2020 2:00 PM* |
| 09/29/2020 | CANCELED  PRE-TRIAL (8:30 AM) (Judicial Officer ANDREWS, MICHAEL F) |
| | *CANCELLED IN COURT* |
| 09/25/2020 | MOTION (8:45 AM) (Judicial Officer ANDREWS, MICHAEL F) |
| | *BRING MOTION TO DISMISS COUNSEL* |
| | Result: HEARING HELD |
| 09/25/2020 | PRE-TRIAL HEARING SET      Doc # 53 |
| 09/25/2020 | REMOVE FROM      Doc # 54 |
| | *PRE TRIAL 9/29/2020 8:30 AM B* |
| 09/21/2020 | MOTION (8:30 AM) (Judicial Officer ANDREWS, MICHAEL F) |
| | *MOTION TO DISMISS COUNSEL* |
| | *09/16/2020 Reset by Court to 09/21/2020* |
| | Result: HEARING HELD |
| 09/21/2020 | MOTION (8:45 AM) (Judicial Officer ANDREWS, MICHAEL F) |
| | *Mtn to Consolidate* |
| | Result: HEARING HELD |
| 09/21/2020 | HEARING SET      Doc # 49 |
| | *BRING MOTION TO DISMISS COUNSEL* |
| 09/21/2020 | ORDER GRANTING - IN COURT      Doc # 50 |
| | *D/MOTION TO CONSOLIDATE* |
| 09/18/2020 | NOTICE RETURNED SERVED      Doc # 51 |
| 09/18/2020 | NOTICE RETURNED SERVED      Doc # 52 |
| 09/14/2020 | NOTICE RETURNED SERVED      Doc # 48 |
| 09/11/2020 | MOTION TO DISMISS      Doc # 47 |
| | *COUNSEL* |
| 09/09/2020 | PRE-TRIAL (8:30 AM) (Judicial Officer ANDREWS, MICHAEL F) |
| | Result: HEARING HELD |
| 09/09/2020 | PRE-TRIAL HEARING SET      Doc # 46 |
| 09/04/2020 | MOTION TO SUPPRESS      Doc # 45 |
| 08/27/2020 | NOTICE RETURNED SERVED      Doc # 44 |
| 08/24/2020 | PRE-TRIAL (8:30 AM) (Judicial Officer ANDREWS, MICHAEL F) |
| | Result: HEARING HELD |
| 08/24/2020 | ORDER GRANTING - IN COURT      Doc # 42 |
| | *D/MTN TO CONTINUE* |
| 08/24/2020 | PRE-TRIAL HEARING SET      Doc # 43 |
| 08/19/2020 | MOTION TO DISMISS      Doc # 41 |
| 08/17/2020 | CANCELED  PRE-TRIAL (8:30 AM) (Judicial Officer ANDREWS, MICHAEL F) |
| | *CANCELLED IN COURT* |
| 08/17/2020 | MOTION TO DISMISS      Doc # 40 |
| 08/14/2020 | COPY OF MOTION FORWARDED TO COURT      Doc # 38 |
| 08/13/2020 | MOTION TO DISMISS      Doc # 37 |
| 08/13/2020 | MOTION TO DISMISS      Doc # 39 |
| 08/11/2020 | COPY OF MOTION FORWARDED TO COURT      Doc # 36 |
| 08/07/2020 | MOTION TO SUPPRESS      Doc # 35 |
| | *PHYSICAL EVIDENCE* |
| 08/06/2020 | NOTICE RETURNED SERVED      Doc # 34 |
| 08/03/2020 | CANCELED  CASE MANAGEMENT CONFERENCE (8:13 AM) (Judicial Officer ANDREWS, MICHAEL F) |
| | *OTHER* |
| 08/03/2020 | PRE-TRIAL (8:30 AM) (Judicial Officer ANDREWS, MICHAEL F) |
| | Result: HEARING HELD |
| 08/03/2020 | ORDER GRANTING - IN COURT      Doc # 31 |
| | *D/MTN TO CONTINUE* |
| 08/03/2020 | WAIVED RIGHT TO SPEEDY TRIAL      Doc # 32 |
| 08/03/2020 | PRE-TRIAL HEARING SET      Doc # 33 |
| 07/22/2020 | NOTICE RETURNED SERVED      Doc # 30 |
| 07/17/2020 | PRE-TRIAL (8:45 AM) (Judicial Officer ANDREWS, MICHAEL F) |
| | *BRING* |
| | Result: HEARING HELD |
| 07/17/2020 | PRE-TRIAL HEARING SET      Doc # 29 |
| 07/13/2020 | OFF-CALENDAR (8:45 AM) (Judicial Officer ANDREWS, MICHAEL F) |
| | Result: HEARING HELD |
| 07/13/2020 | PRE-TRIAL HEARING SET      Doc # 23 |
| | *BRING* |
| 07/13/2020 | REMOVE FROM      Doc # 24 |
| | *PRE TRIAL 8/17/2020 8:30 AM B* |
| 07/10/2020 | WRITTEN DEMAND FOR SPEEDY TRIAL      Doc # 25 |
| 07/10/2020 | WRITTEN DEMAND FOR SPEEDY TRIAL      Doc # 26 |
| 07/10/2020 | WRITTEN DEMAND FOR SPEEDY TRIAL      Doc # 27 |
| 07/10/2020 | NOTICE RETURNED SERVED      Doc # 28 |
| 07/06/2020 | ARRAIGNMENT (1:30 PM) (Judicial Officer ANDREWS, MICHAEL F) |
| | Result: HEARING HELD |
| 07/06/2020 | PRE-TRIAL HEARING SET      Doc # 22 |
| 06/30/2020 | CERTIFICATE OF DISCHARGE TO BOND AGENCY      Doc # 21 |
| 06/25/2020 | ANSWER TO DEMAND FOR DISCOVERY      Doc # 19 |
| 06/25/2020 | DEMAND NOTICE OF INTENTION TO CLAIM ALIBI      Doc # 20 |
| 06/24/2020 | NOTICE OF REQUEST FOR COSTS OF PROSECUTION      Doc # 15 |

IN THE CIRCUIT COURT FOR PINELLAS COUNTY, FLORIDA
IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT
OF THE STATE OF FLORIDA IN AND FOR PINELLAS COUNTY
DIVISION B

STATE OF FLORIDA

v.

THADDEUS BOYD
PID: 1608790

20-02707CF
20-02870CF
20-03961CF
20-04876CF
20-05096CF
20-05830CF
20-05299CF
20-05970CF

_____/

## ORDER DENYING DEFENDANT'S MOTION TO DISQUALIFY

THIS CAUSE came on without hearing upon the Defendant's Motion to Disqualify. The events that are the subject of the motion occurred on October 26, 2020. A copy of the original motion was filed with the Clerk on November 9, 2020.

This Motion to Disqualify is brought pursuant to Florida Statute §38.10 and Rule 2.330, Florida Rules of Judicial Administration. This statutory provision provides that upon the filing of a suggestion of disqualification of the trial judge, the Court can proceed no further and the Court is prohibited from making any findings whatsoever as to the truth or falsity of the sworn allegations contained in the suggestion of disqualification. Accordingly, this Court makes no findings whatsoever as to the truth or falsity of the allegations contained in the motion. In determining the legal sufficiency of the motion, all of the facts alleged by the moving party are taken as true. *Deren v. Williams*, 521 So2d 150 (Fla. 5th DCA), *rev. denied*, 531 So2d 169 (Fla. 1988). The issue of the legal sufficiency of the motion and affidavits is purely a question of law. *Thompson v. State* 990 So.2d 482 (Fla. 2008). To be legally sufficient, a motion to disqualify a judge must be well-founded and contain facts germane to the judge's undue bias, prejudice, or sympathy. *Aquasol Condominium Association, Inc. v. HSBC Bank USA, National Association*, App. 3 Dist., 2018 WL 5733627 (2018). A legally sufficient motion to disqualify a trial judge must allege facts that would place a reasonably prudent person in fear of not receiving a fair and impartial trial. *R.J. Reynolds Tobacco Company v. Cuddihee*, App. 1 Dist., 272 So.3d 796 (2019). Subjective fear of bias or

1

prejudice will not be legally sufficient; rather, the fear must be objectively reasonable. *Law Offices of Herssein and Herssein, P.A. v. United Services Automobile Association,* 271 So.3d 889 (2018).

The defendant's Motion to Disqualify is denied for the following reasons:

1.  The motion is not in compliance with Rule 2.330 Florida Rules of Judicial Administration in that the defendant did not swear to the motion under oath.

2.  The motion is untimely having been filed in excess of ten days from the date the defendant's alleges the acts or statement that are the subject of the motion. *See* Fla. R. Jud. Admin. 2.330(e), "A motion to disqualify shall be filed within a reasonable time not to exceed 10 days after discovery of the facts constituting the grounds for the motion and shall be promptly presented to the court for an immediate ruling."

3.  A trial court's prior adverse rulings are not legally sufficient grounds upon which to base a motion to disqualify. *See Areizaga v. Spicer,* 841 So.2d 494 (Fla. 2 DCA 2003); *See also, Rivera v. State,* 717 So.2d 477, 481 (Fla.1998).

4.  In order for a disqualification motion to be sufficient there must be something in the record that revealed prejudice, bias or ill will. *Scott v. State,* 909 So.2d 364 (Fla. 5th DCA 2005). The fact that a trial judge engaged in a legitimate judicial function is not sufficient for disqualification. *Id.* It is a part of the judicial function to either accept or reject a plea negotiated between the state and the defense. *See Jernigan v. State,* 608 So.2d 569 (Fla. 1st DCA 1992) (trial court is not obligated to accept a plea agreement which binds it to a specific sentence, and defendant is not entitled to specific performance of plea agreement). Rejection of a plea agreement is in the nature of adverse judicial ruling, which would not serve as a basis for disqualification of judge. *Id. See also, Areizaga v. Spicer* 841 So.2d 494 (Fla. 2nd DCA 2003) (a trial court's prior adverse rulings are not legally sufficient grounds upon which to base a motion to disqualify); *Fairweather v. State,* 505 So.2d 653 (Fla. 2nd DCA 1987) (unlike right to proceed to trial on merits, criminal defendant enjoys no constitutional right to a plea bargain. Even when a plea bargain is offered, both defendant and court must accept it before it can be considered binding).

5.      Subjective fears that a party would not receive a fair trial are insufficient to require the disqualification of a judge. *Randolph v. State* 853 So.2d 1051 (Fla.2003); *Law Offices of Herssein and Herssein, P.A. v. United Services Automobile Association,* 271 So.3d 889 (2018).

6.      Counsel represents the defendant and counsel has not adopted the defendant's motion. The motion is therefore a nullity. *See Ault v. State*, 53 So. 3d 175, 203 (Fla. 2010) ("[A]ny pro se pleading that is not adopted by the defendant's counsel is unauthorized and a nullity."); Baker *v. State*, 210 So. 3d 140, 141 (Fla. 2d DCA 2016) (a defendant does not have the right to file pro se motions while also represented by counsel, and such motions should be treated as nullities unless counsel adopts them). It is therefore,

ORDERED AND ADJUDGED that Defendant's Motion to Disqualify is denied as the grounds stated are legally insufficient.

DONE AND ORDERED in chambers in Clearwater, Pinellas County, Florida this 16, day of November 2020.

MICHAEL F. ANDREWS
CIRCUIT COURT JUDGE

Office of the State Attorney
Christie Pardo Esq.

3

Stacy McNally                                                   December 4, 2020
County Justice Center
Public Defender's Office
14250 49th St N
Clearwater, FL  33762
(727) 464-7679

Annemarie Craft, Bar Counsel
The Florida Bar, Attorney Consumer Assistance Program
651 East Jefferson St
Tallahassee, FL  32399-2300

Dear Ms. Craft:

Please find below my response to the inquiry/complaint filed against me by Thaddeus Boyd.
The Certificate of Disclosure is enclosed. In my response I will address the allegations in the
order they appear in Mr. Boyd's complaint.

I showed no negligence in protecting the attorney-client privilege with Mr. Boyd. I never
disclosed any confidential information that he shared. In contrast to exploiting his cases in open
court, I worked hard to protect Mr. Boyd's rights and limit his exposure to prison time.  Please
note that the Public Defender's Office has withdrawn from representation of Mr. Boyd due to a
conflict of interest involving false and personal allegations against me that prevent me from
further representing him due to fear of more false allegations and fear of him trying to find out
personal information about me. The Office of Regional Conflict Counsel now represents Mr.
Boyd.

Mr. Boyd is charged with eight felonies and three misdemeanors for which he faces a minimum
permissible sentence of 21.975 months in prison pursuant to Florida Rule of Criminal Procedure
3.992(a) Criminal Punishment Code Scoresheet. He faces a maximum sentence of 40 years in
prison plus three years in county jail. The State of Florida has charged Mr. Boyd with:
20-05970CF Felony Petit Theft, 20-05830CF Felony Petit Theft, 20-05299CF Felony Petit Theft
and Possession of Paraphernalia, 20-05096CF Felony Petit Theft, 20-04876CF Possession of
Cocaine, 20-06315MM Possession of Marijuana and Possession of Paraphernalia, 20-03961CF
Felony Petit Theft, 20-02870CF Felony Petit Theft and 20-02707CF Felony Petit Theft.

Mr. Boyd was arrested on or about March 10, 2020 for 20-02707CF and arrested for a March 4
petit theft in 20-02870CF on March 16, 2020. The Court released him on supervised release on
his own recognizance on March 23, 2020.  On or about April 27, 2020 Mr. Boyd was arrested on
20-03961CF and posted bond on May 2, 2020.  On May 21, 2020 Mr. Boyd was arrested for 20-
04876CF and 20-06315MM (same incident) and he posted bond on May 25, 2020.  On May 28,
2020 Mr. Boyd was arrested for 20-05096CF and he posted bond on June 2, 2020. On June 2,
2020 Mr. Boyd was arrested on 20-05299CF and he posted bond on June 8, 2020.  On June 23,

2020 Mr. Boyd was arrested on 20-05970CF and arrested on a direct information warrant for 20-05830CF, alleged to have occurred on April 5, 2020. On June 24, 2020 the Advisory Court revoked Mr. Boyd's Bonds and Supervised Release on Recognizance. This set of arrests and re-arrests, in addition to Mr. Boyd's prior criminal record, made it difficult to convince the State Attorney to depart from the sentencing guidelines and agree to a sentence Mr. Boyd found acceptable. The records of Mr. Boyd's charging documents and arrest dates are available on the Pinellas County Clerk of Court's public website and upon request.

I am not an out of date or feeble attorney. I did not tell Mr. Boyd that I was not a trial lawyer. I am a trial lawyer. If I were not a trial lawyer, I would not work for the Public Defender. I stay informed of changes in case law, read the Florida Law Weekly summaries, research caselaw on Westlaw, and am not afraid to stand up for my clients in court. I am respectful of the Court and opposing counsel. I have no off the record relationships with Judge Michael Andrews or Assistant State Attorney Juan Saldivar. Mr. Saldivar is assigned to case 20-04876CF in which I filed and argued a motion to suppress. Because the case with Mr. Saldivar was the first case of Mr. Boyd's to have a substantive hearing set, Mr. Saldivar was the person I tried to negotiate with. He and his supervisors did not agree to the sentence Mr. Boyd wanted in lieu of arguing the motion, which would have been about half of the lowest sentence the law allows for (21.975 months). The State Attorney was willing to agree to a lower prison sentence than 21.95 months, possibly 364 days in jail, but Mr. Boyd was not willing to agree to these options. I was not in cahoots with Judge Andrews or Mr. Saldivar to railroad Mr. Boyd. Mr. Boyd viewed my attempts to explain to him that he faces significantly more prison time than the lowest permissible sentence, or bottom of the guidelines, if he loses any one of his eight pending felony cases at trial. Each felony carries a five year maximum. It is my ethical duty to give sound advice to clients, not to tell them only what they want to hear. It is also my ethical duty to communicate plea offers from the State Attorney to clients. That involved telling Mr. Boyd what the State Attorney wanted and what they would or would not agree to.

I **never** had sexual relations with Mr. Boyd. He **never** sold me crack cocaine. I have **never** used cocaine. The only times I have ever seen Mr. Boyd have been when he was incarcerated in the Pinellas County Jail or brought to the courthouse from the jail. I have left the Public Defender's Office and returned over the years to try other jobs and because my husband and I moved out of the country for his job. I do **not** have a drug addiction, and I **never** told Mr. Boyd that I have a drug addiction.

Mr. Boyd complained many times about his status as a "red dot" and his placement in administrative segregation in the jail. A "red dot" is basically an inmate who is or has been a disciplinary problem in the jail. I am unable to change his classification status in the Pinellas County Jail. The Pinellas County Sheriff's Office has sole jurisdiction over the jail. I did represent Mr. Boyd several years ago on felony cases while he also faced the exposure of sexual organs cases. I did tell Mr. Boyd that I thought one of reasons the jail classified him as a "red dot" was that he masturbated or exposed himself in front of female jail employees years ago. I did not question him about this.

2

I have never had any kind of friendship, past relations, or sexual relationship with Mr. Boyd. He never went for a ride in an SUV with me. I have never owned an SUV. We did not get high together. I have never lived in Northeast St. Petersburg. I have never lived in any area of St. Petersburg. I never had and do not have a small son. I don't have children. I have never had a small dog until my husband and I adopted one about three years ago. Mr. Boyd's willingness to claim such specific allegations as facts, and to manufacture details he ascribes to my personal life, under penalty of perjury, such that I am forced to publicly deny them to the Florida Bar, makes me fear for my safety and privacy.

I did not resent Mr. Boyd.  I did not want to be his friend.  I do not want to be his friend. He was extremely difficult and frustrating to work with. I do not maintain friendships with any of my clients. I represent people accused of crimes. These clients are people whose rights I fight for, and whose welfare I care about. However, I do not become friends with or have personal relationships with my clients.

Mr. Boyd did file a Motion to Dismiss Counsel, which Judge Andrews denied. He filed a second Motion to Dismiss Counsel in which he also made false allegations, which has not been addressed because Mr. Boyd now has Regional Conflict Counsel. Mr. Boyd also filed a Motion to Disqualify or Recuse Judge, which Judge Andrews denied.

Regarding Mr. Boyd's scoresheet, I repeatedly explained to Mr. Boyd that the State Attorney can add all of his prior convictions to his scoresheet, as long as he has been convicted of any crime in any state within the last ten years. The Criminal Punishment Code scoresheet is available upon request. Mr. Boyd has been convicted of not only misdemeanors, but also a felony within the last ten years.  According to his rap sheet, Mr. Boyd was convicted of misdemeanors and a felony within the last ten years. He was convicted of the misdemeanors Giving a False Name to Law Enforcement and Possession of Marijuana on December 8, 2017 in Dekalb County, Georgia. He was convicted of misdemeanor Simple Assault, Trespass, and Disorderly Conduct on August 24, 2017, also in Dekalb County, Georgia.  On December 4, 2009 he was convicted of Criminal Trespass in Clayton County, Georgia. On August 8, 2012 he was convicted of Criminal Trespass in Fulton County, Georgia.  On November 27, 2019 Mr. Boyd was convicted of felony Possession of Cocaine, misdemeanor Possession of Drug Paraphernalia, and misdemeanor Petit Theft in Miami-Dade County, Florida.  The scoresheet is not incorrect.

I did not violate Mr. Boyd's speedy trial rights. The decision as to whether or not to waive a client's right to speedy trial belongs to counsel. I do not represent myself in court. When Mr. Boyd falsely accused me of having a sexual relationship with him, I asked for permission from the elected Public Defender of the Sixth Circuit to withdraw from representation of Mr. Boyd.

I filed and argued a motion to suppress the cocaine, marijuana, drug paraphernalia, and Mr. Boyd's statements in his possession of cocaine, marijuana, and paraphernalia charges, case 20-04876CF and 2006315MM. Although Judge Andrews denied the motion, I was well prepared

3

and presented a well-researched and strong argument. The motion to suppress and order denying the motion are available from the Pinellas County Clerk of Court's public website and upon request. I argued that law enforcement did not have probable cause to search or arrest Mr. Boyd. In my argument I referenced him possibly being targeted for being a black man on the street at night, but I did not have proof of racial profiling. The new hemp law and memoranda from State Attorneys and Sheriff's Office General Counsel provide an argument that law enforcement officers do not have probable cause to search people based solely on the smell of marijuana. During the argument portion of the motion to suppress, Mr. Boyd indicated that he was unhappy with my argument and was telling me what he wanted to argue. This led to Mr. Boyd testifying in order to put his facts into evidence. Mr. Boyd's testimony did not go well. He did not appear credible, and the Court found his testimony not to be credible. I advised Mr. Boyd prior to the motion about whether he should testify or not, but that decision belonged to Mr. Boyd.

Mr. Boyd enclosed a copy of Florida Rule of Criminal Procedure 3.703 sentencing Guidelines (1994 as amended), which I sent him, from West's Florida Criminal Law and Rules 2020, Volume 1, which is current. I sent this rule to Mr. Boyd to show him why his prior record is used against him on his scoresheet. I marked subparagraph (15) "Prior record." Mr. Boyd was confused and still is mistaken in his belief that his prior offenses cannot be scored. Fla. R. Crim. P. 3.703 (15)(A) states that:

> Convictions for offenses committed more than 10 years prior to the date of the commission of the primary offense are not scored as prior record if the offender has not been convicted of <u>any other crime</u> <u>for a period of 10 consecutive years from the most recent date of release from confinement, supervision,</u> <u>or other sanction, whichever is later, to the date of the commission of the primary offense.</u>

I sent a copy of the rule to Mr. Boyd so that he could read it for himself and hopefully understand that the State Attorney prepared his scoresheet correctly and that I had no legal basis to object to their inclusion of Mr. Boyd's prior record. It looks like Mr. Boyd wrote a note on the Post-it note I attached to the rule that he believes that the law book I sent it from was out of date. The most up to date version of the rule is available on Westlaw, Lexus Nexus, and on the Florida Bar's website, and upon request.

Every allegation Mr. Boyd makes against me is false. I hope it is clear to you that he lied about me. If you have any doubt, I suggest that you speak with Mr. Boyd via video from the Pinellas County Jail so that you can better assess his credibility. You can also speak with Judge Michael Andrews, Assistant State Attorney Juan Saldivar, Senior Assistant Public Defender John Nohlgren (my supervisor), or anyone else in the Sixth Judicial Circuit who knows me.

Sincerely,

Stacy McNally
Fla. Bar. No. 0140000                                  cc:  Mr. Thaddeus Boyd, Pinellas County Jail

4

# Jail Inmate Management System
## Incompatible with  - 1840040  BOYD,THADDEUS TARRIUES

| Docket No. | SPN | Last Name | First Name | Housing Location |
|---|---|---|---|---|
| 1838622 | 3330458 | CISNEROZ | JACOB | SD-5F-POD03-C3-002 |

*Underlined = exibit in data base*

Reason: 07-07-20 NC Cizneroz spit on Boyd. cm8948

| 1150096 | 548162 | AMONS | JOHNNY | |
Reason: K:KEEP SEPARATE AVOID PHYS/CONTACT

| 1835756 | 1419015 | BRYANT | REGINALD | SD-3F-POD02-C1-003 |
Reason: Verbal altercation that escalated to throwing of water,  I/M Bryant's uncle allegedly shot Boyd CFJ 2872

| 1166427 | 62437 | LYNN | CHARLES | |
Reason: Dnh

| 1020247 | 1441148 | GILLEY | JAMES | |
Reason: H:DO NOT HOUSE PERSONAL CONFLICT-PREVIOUS TO THIS ADMISSION

| 1148462 | 1936168 | MARTINEZ | CARLOS | |
Reason: K:KEEP SEPARATE KILLED INMATE'S SISTER

| 1221370 | 985025 | KAIGLER | DARIUS | |
Reason: 11/27/07 DNH=I'm daigler & boyd threaten to throw feces on other i'ms-ms5623

| 1189755 | 520138 | MARR | TIMOTHY | |
Reason: 11/10/07--DNH--MADE THREATS TOWARDS BOYD. RS 6641

| 1268061 | 1282256 | ANDERSON | GEOFFREY | |
Reason: K/S-allegedly threw liquid at anderson

| 1299559 | 1591189 | TEASLEY DORSEY | CHARLES | |
Reason: 11--04--06--DNH--inmates can not get along. ds6798

| 1192371 | 846833 | CLARK | RODERICK | |
Reason: 04-18-08  nc death treats  mc 5047

| 1227200 | 1341736 | JOHNSON | DARRELL | |
Reason: 11/11/07--DNH Incompatible-- I/m Johnson is threatning I/m Boyd. CR6801

| 1275078 | 28330 | JONES | WILLE | |
Reason: 11/11/07--DNH Incompatible--I/m Jones is threatning I/m Boyd. CR6801

| 1277497 | 1882377 | MORELLI | JOHN | |
Reason: 11-28-07   NC    Boyd spat on Morelli while in the dayroom; tb7263

| 1225915 | 1516947 | LAVENDER | DANIEL | |
Reason: 11-28-07   NC   Boyd spat on Lavender while in the dayroom; tb7263

| 1277470 | 2654438 | ZEIGLER | DANIEL | |
Reason: Inc  DNH  Ziegler claims Boyd threw substance at him per Wilson awtg p/w 12-02-07  CFJ 2872

| 1225297 | 1826348 | SANDERS | CLEVELAND | |
Reason: NC  THEY FIGHT FROM THE STREET.  R.O. 1902

| 1256991 | 2190120 | BROADLEY | HOWARD | |
Reason: 10/16/07  NO CONTACT: incompatible form rec'ed.    I/M Boyd assaulted I/m Broadley. WB4707

| 1754938 | 3174886 | WILLIAMS | JAMES | HD-3H3-3H3-A-004 |
Reason: 03-19-2020  NC  Williams threw water on Boyd. KJ7298

Total:  19

1※7
※ 9075
※ 9090



## ST. PETERSBURG POLICE DEPARTMENT
Anthony Holloway, Chief of Police

1301 First Avenue North, St. Petersburg, Florida 33705
Telephone: (727) 893-7780
www.stpete.org/police

August 28, 2020

Mr. Thaddeus Boyd
c/o Pinellas County Jail
14400 49th Street North
Clearwater, FL 33762

Mr. Boyd,

I am Sergeant Mark Williams of the St Petersburg Police Department, and current supervisor for Officer Jereme Hayes. I received correspondence from you dated August 13, 2020, regarding your arrest on or about June 23, 2020. You indicated in your letter that you asked Officer Hayes to charge your cellular phone following your arrest; however, you never received it back.

In speaking with Officer Hayes, he recalls his involvement with you and your request to have your phone charged; however, he advised that he did not charge the phone and thought maybe another officer did. I spoke to Officer Jeff Lewis, who was the acting sergeant on the date and time of your involvement with our Agency. He recalled the incident surrounding your arrest, and the fact that you requested to have your phone charged. Officer Lewis believes that he saw the phone in your possession, but does not recalling charging the phone.

After being transported to Police Headquarters, you were transferred to the prisoner transport vehicle, and later delivered to the Pinellas County Jail. Property that was in your possession at the time of your arrest was also transported to the Pinellas County Jail, some of which was submitted into their bulk storage area.

It appears that the phone that you reference was not submitted into the property and evidence section here at the police department, nor as prisoner property at the Pinellas County Jail or their bulk property section.

Some information that would be helpful to continue investigating this would include, the make and model of the phone, the phone number, and the phone carrier (i.e. Verizon, Metro, Sprint, etc.)
Additionally, upon your release you can also contact the City of St Petersburg Risk Management Department at 727-892-5265, to inquire if they could also be of any assistance in this matter.



A NATIONAL AND STATE ACCREDITED LAW ENFORCEMENT AGENCY

Ngoci   Acholonu   Cristi   Pardo

**STACY MCNALLY**
Assistant Public Defender
727-464-6516

County Justice Center
14250 49th Street North
Clearwater, Fl 33762
November 05, 2020

## Bob Dillinger
## Public Defender
### Sixth Judicial Circuit of Florida

www.wearethehope.org

THADDEUS TARRIUES BOYD
BOOKING NUMBER: SO1840040
SD-4F-CC02-SC2-001

RE: 20-05830-CF   20-05970-CF   20-05299-CF   20-05096-CF   20-04876-CF
          20-03961-CF   20-02870-CF   20-02707-CF   20-06315-MM

Dear Thaddeus Tarriues Boyd:

Due to a conflict of interest that exists in connection with your case, our office has withdrawn
and no longer represents you.

The Court has appointed a private attorney not connected with our office to handle your case(s),
and your new attorney will be notified as soon as possible regarding this matter.

We will be releasing the contents of your file directly to your new attorney so that he/she will be
able to begin working on your case prior to your next court appearance. The attorney who has
been appointed to represent you is:

OFFICE OF CRIMINAL CONFLICT AND CIVIL REGIONAL COUNSEL
15500 LIGHTWAVE DR., SUITE 107
CLEARWATER FL 33760
727-530-4400

Sincerely,

_For_

STACY MCNALLY
Assistant Public Defender

**ATTORNEY/CLIENT PRIVILEGE APPLIES**



STATE OF FLORIDA

**JUDICIAL QUALIFICATIONS COMMISSION**

POST OFFICE BOX 14106
TALLAHASSEE, FLORIDA 32317
(850) 488-1581

HON. KRISTA MARX
CHAIR

HON. MICHELLE T. MORLEY
VICE - CHAIR

BLAN L. TEAGLE
EXECUTIVE DIRECTOR

ALEXANDER J. WILLIAMS
GENERAL COUNSEL

December 8, 2020

Thaddeus Boyd, #1840040
Pinellas County Jail 4F-CC-002
14400 49th Street
Clearwater, Fl 33762

   *Re: Docket No. 20-457; Andrews*

Dear Mr. Boyd:

   The Investigative Panel of the Commission has completed its review of your complaint in the above matter and has determined, at its most recent meeting, that the concerns you have expressed are not allegations involving a breach of the Code of Judicial Conduct warranting further action by the Commission but are matters for review through the normal court process.

   The purpose of the Commission is to determine the existence of judicial misconduct and disability as defined by the Constitution and the laws of the State of Florida. If such misconduct or disability is found, the Commission can recommend disciplinary action to the Florida Supreme Court.  The Commission has found no basis for further action on your complaint that therefore has been dismissed.

       Sincerely yours,

       Alexander J. Williams
       General Counsel

AJW/mc

*Inquiries by the Commission are confidential pursuant to Art. V, Sec 12(a)(4) of the Florida Constitution and Rule 2.420, Florida Rules of Judicial Administration.*