UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

THADDEUS BOYD,

    Plaintiff,

v.                                        Case No. 8:20-cv-2817-WFJ-SPF

SERGEANT DECKER,
CLASSIFICATION SPECIALIST PAOLLILIO,
LIEUTENANT BOWMAN,
DEPUTY BRINSON,
DEPUTY DEBOY,
DEPUTY DICE,
SERGEANT HASTINGS,
CLASSIFICATION SPECIALIST MCWILLIAMS,
SERGEANT SERRANO,
CAPTAIN MOYER,
SERGEANT LOFTUS,
DEPUTY RENAKER,
DETECTIVE BELVIS,
SERGEANT TROUTMAN,
MICHAEL F. ANDREWS,
CORPORAL ANDREWS,
BOB GUALTIERI,
DEPUTY BRINSON,
ADMINISTRATIVE ASSISTANT BEAM,
STACY MCNALLY,
JUAN SALVADIR,

    Defendants.
_____/

## **ORDER**

This cause comes before the Court on Plaintiff Thaddeus Boyd's Amended Civil Rights Complaint, filed under 42 U.S.C. § 1983, in which he alleges violations of his First, Third, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendment rights.

Mr. Boyd is a pretrial detainee proceeding *pro se*.

## I. Legal Background

### A. Section 1915

Under 28 U.S.C. § 1915A, federal courts must conduct an initial screening of civil suits brought by prisoners seeking redress from a governmental entity or its employee to determine whether they should proceed. Upon review, a court is required to dismiss a complaint, or any portion thereof, in the following circumstances:

> (b) Grounds for Dismissal.---On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint---
> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

*See also* 28 U.S.C. § 1915(e)(2) (requiring dismissal of a complaint in an *in forma pauperis* proceeding under the same circumstances). A complaint is frivolous if it is without arguable merit either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Dismissals for failure to state a claim are governed by Rule 12(b)(6), Fed. R. Civ. P. *See Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997) ("The language of section 1915(e)(2)(B)(ii) tracks the language of Fed. R. Civ. P. 12(b)(6)"). Additionally, courts must read a plaintiff's *pro se* allegations in a liberal fashion. *Haines v. Kerner*, 404 U.S. 519–520 (1972).

### B. Section 1983

"[S]ection 1983 provides a method for vindicating federal rights conferred by the Constitution and federal statutes." *Bannum, Inc. v. City of Fort Lauderdale*, 901 F.2d 989, 997 (11th Cir. 1990). To successfully plead a § 1983 claim, a plaintiff must allege two elements: "(1) that the act or omission deprived plaintiff of a right, privilege or immunity secured by the Constitution or laws of the United States, and (2) that the act or omission was done by a person acting under color of law." *Id.* at 996–97. Thus, a plaintiff must show that the defendant acted under the color of law or otherwise showed some type of state action that led to the violation of the plaintiff's rights. *Id.*

## II. Analysis

Mr. Boyd alleges that his constitutional rights were violated when he was a pretrial detainee at the Pinellas County jail. His allegations are rambling, disjointed, incomplete, and lack sufficient detail. Construing the Amended Complaint liberally, Mr. Boyd appears to allege that he arrived at the Pinellas County jail on June 23, 2020. He was being held in an area named Delta 1, when an unidentified officer unlawfully conducted a line up, arrested him, and confiscated his phone. He was placed in "red-dot" confinement. On July 7, 2020, at 12:30 a.m., an unnamed person spit on him.

In a series of incomplete sentences, Mr. Boyd appears to allege that he attempted several times to file a grievance about both his "red-dot" confinement and the spitting incident. He alleges that various officers either prohibited him from

grievances or denied the grievances outright.

Mr. Boyd alleges that he suffered a spinal injury, post traumatic stress, extreme paranoia, frequent headaches, and joint pain. He contends that he has not received his medications and that inmates constantly pick on him. Mr. Boyd seeks to recover: (1) $100,000 for being placed on "red-dot" confinement; (2) $50,000 for being labeled a predator; (3) $50,000 for pain and suffering; and (4) an apology for the mistreatment he received.

## A. Defendants

Mr. Boyd names 21 defendants in his Amended Complaint.[1] Seventeen of those defendants are officers, deputies, sergeants, lieutenants, and other jail personnel who allegedly participated in the violation of Mr. Boyd's constitutional rights. His factual allegations mostly consist of a list of incomplete sentences and notations. Although he names numerous defendants, he does not identify which defendant is responsible for which constitutional violation. He fails to allege clearly who conducted the line-up, arrested him, and confiscated his phone. He fails to identify who spit on him or who placed him in "red-dot" confinement.

The allegations concerning Mr. Boyd's attempts to file grievances are similarly incomplete and disjointed. He fails to describe clearly who prohibited him from filing grievances or who denied the grievances that form the basis of the alleged

---

[1] In his original Complaint, Mr. Boyd named an additional defendant, Sergeant Franjesivic. In his Amended Complaint, he no longer names Sergeant Franjesivic as a defendant. Therefore, no claims remain pending against this defendant, and the Clerk has terminated this defendant from the docket sheet.

4

constitutional violations. Consequently, Mr. Boyd's claims against the following 17 defendants are dismissed: Sergeant Decker, Classification Specialist Paollilio, Lieutenant Bowman, Deputy Brinson, Deputy Deboy, Deputy Dice, Sergeant Hastings, Classification Specialist McWilliams, Sergeant Serrano, Captain Moyer, Sergeant Loftus, Deputy Renaker, Detective Belvis, Sergeant Troutman, Corporal Andrews, Deputy Brinson, and Administrative Assistant Beam.

      Mr. Boyd also names as a defendant Pinellas County Public Defender Stacey McNally. He asserts no specific allegations against McNally; however, documents filed with his Amended Complaint show that McNally formally represented him. "[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk County v. Dobson*, 454 U.S. 312, 325 (1981). To the extent that any of Mr. Boyd's allegations are based on McNally's actions while "performing a lawyer's traditional functions," those claims are dismissed. *See Barr v. Gee*, 437 F. App'x 865, 875 (11th Cir. 2011) ("State public defenders do not act under color of state law, even when appointed by officers of the courts.").

      Mr. Boyd also names as a defendant Assistant State Attorney Juan Salvadir. He asserts no specific allegations against Salvadir; however, supporting documents show that Salvadir represents the State of Florida in the criminal prosecution of Mr. Boyd. "[A] prosecutor enjoys absolute immunity from allegations stemming from the prosecutor's function as an advocate. Such absolute immunity extends to a prosecutor's acts undertaken in preparing for the initiation of judicial proceedings or

5

for trial, and which occur in the course of his role as an advocate for the State." *Hart v. Hodges*, 587 F.3d 1288, 1295 (11th Cir. 2009) (citations omitted). To the extent that Mr. Boyd's allegations are based on Salvadir's actions while performing his prosecutorial duties, those claims are dismissed.

Mr. Boyd also names as a defendant Judge Michael F. Andrews. From the supporting documents it appears that Judge Andrews presides over Mr. Boyd's pending criminal prosecution. Judges have immunity under federal law when they act in their judicial capacity, *Sibley v. Lando*, 437 F.3d 1067, 1070 (11th Cir. 2005) (citations omitted):

> Judges are entitled to absolute judicial immunity from damages for those acts taken while they are acting in their judicial capacity unless they acted in the clear absence of all jurisdiction. This immunity applies even when the judge's acts are in error, malicious, or were in excess of his or her jurisdiction. Whether a judge's actions were made while acting in his judicial capacity depends on whether: (1) the act complained of constituted a normal judicial function; (2) the events occurred in the judge's chambers or in open court; (3) the controversy involved a case pending before the judge; and (4) the confrontation arose immediately out of a visit to the judge in his judicial capacity.

Mr. Boyd alleges that he "wrote to Judicial Qualifications to [re]move Judge Andrews from [his] case." Civ. Doc. 6 at 12. Beyond this incomplete allegation, he alleges no facts to establish that Judge Andrews acted outside his judicial capacity. To the extent that Mr. Boyd's allegations are based on Judge Andrew's actions in his capacity as the presiding judge over his criminal prosecution, those claims are dismissed.

Mr. Boyd also names as a defendant Pinellas County Sheriff Bob Gualtieri.

6

To establish a § 1983 claim against a defendant in the defendant's supervisory capacity, "a plaintiff must show that the defendant instituted a custom or policy [that] result[s] in deliberate indifference to constitutional rights or . . . directed [his] subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so." *Goebert v. Lee Cty.*, 510 F.3d 1312, 1331 (11th Cir. 2007) (citations omitted). Mr. Boyd alleges no facts about Sheriff Gualtieri's role in the alleged incidents giving rise to his claims. He also alleges no policy or custom that caused the alleged constitutional violations. Consequently, any claim against Sheriff Gualtieri is dismissed.

### B. Claims

In his Amended Complaint, Mr. Boyd invokes his rights under the First, Third, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments. However, he fails to identify or describe the alleged constitutional violations with specificity. He has not clearly delineated any claim for relief or provided specific facts in support of any of his claims.

#### 1. First Amendment

The typical First Amendment claim by a prisoner involves a prisoner being punished for filing a grievance or a lawsuit concerning the conditions of his imprisonment. *See Douglas v. Yates*, 535 F.3d 1316, 1321 (11th Cir. 2008). To state such a claim, a prisoner must establish that: (1) his speech or act was constitutionally protected; (2) the defendant's retaliatory conduct adversely affected the protected speech; and (3) there is a causal connection between the retaliatory actions and the

7

adverse effect on the speech. *Id.* A prisoner's filing of a grievance concerning the conditions of his imprisonment is protected speech under the First Amendment. *Id.* The adverse action that the inmate suffers as a result of the prison official's alleged retaliation must be such that it "would likely deter a person of ordinary firmness from engaging in such speech[.]" *Smith v. Mosley*, 532 F.3d 1270, 1276 (11th Cir. 2008). The second element of the cause of action thus requires "an objective standard and a factual inquiry." *Id.* at 1277. The third element "asks whether the defendants were subjectively motivated to discipline because [the prisoner] complained of some of the conditions of his confinement." *Id.* at 1278.

Mr. Boyd alleges that he filed, or attempted to file, grievances concerning his "red-dot" classification and the spitting incident. Such conduct may constitute protected speech. However, he alleges no facts to establish the second or third elements of a First Amendment retaliation claim. Consequently, this claim must be dismissed.

### 2. Third Amendment

The Third Amendment provides: "No Soldier shall, in time of peace be quartered in any house, without the consent of the Owner, nor in time of war, but in a manner to be described by law." U.S. Const. amend. III. Mr. Boyd alleges no facts to establish a plausible basis for relief under the Third Amendment. This claim must be dismissed.

### 3. Fourth Amendment

"The Fourth Amendment's freedom from unreasonable searches and seizures

encompasses the plain right to be free from the use of excessive force in the course of an arrest." *Lee v. Ferraro*, 284 F.3d 1188, 1197 (11th Cir. 2002). Mr. Boyd's allegations concern events that occurred after he was arrested, while he was pretrial detainee. Consequently, the Fourth Amendment is inapplicable, and this claim must be dismissed.

### 4. Fifth Amendment

The Fifth Amendment governs the conduct of federal actors, not state actors. *Buxton v. City of Plant City, Fla.*, 871 F.2d 1037, 1041 (11th Cir. 1989). All of the defendants Mr. Boyd names in his Amended Complaint are state actors, not federal actors. Consequently, the Fifth Amendment is inapplicable, and this claim must be dismissed.

### 5. Sixth Amendment

The Sixth Amendment provides:

> In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the Assistance of Counsel for his defense.

U.S. Const. amend VI. To the extent Mr. Boyd alleges a violation of his right to a speedy trial, "[t]he sole remedy for a violation of the speedy trial right [is] dismissal of the charges." *Betterman v. Montana*, 578 U.S. 968, __, 136 S. Ct. 1609, 1615 (2016). To the extent he attempts to allege he received ineffective assistance of

9

counsel, there is no provision in the law for money damages for such a claim. *Stark v. Eighth Judicial Circuit*, No. 1:19-cv-258-MW-GRJ, 2020 U.S. Dist. LEXIS 143685, at *8 (N.D. Fla. July 1, 2020). Mr. Boyd alleges no facts to establish a plausible basis for relief under the Sixth Amendment. Consequently, this claim must be dismissed.

### 6. Eighth Amendment

The Eighth Amendment provides a freedom from cruel and unusual punishments, and it "serves as the primary source of protection against excessive force after conviction." *Piazza v. Jefferson Cnty., Ala.*, 923 F.3d 947, 952 (11th Cir. 2019) (citations omitted). Mr. Boyd's allegations concern events that occurred before conviction, while he was pretrial detainee. Consequently, the Eighth Amendment is inapplicable, and this claim must be dismissed.

### 7. Fourteenth Amendment

Because Mr. Boyd is a pretrial detainee at the Pinellas County jail, his claims arise under the due process clause of the Fourteenth Amendment, rather than the Eighth Amendment. *Mann v. Taser Int'l, Inc.*, 588 F.3d 1291, 1306 (11th Cir. 2009). His allegations, although vague, primarily concern his placement in "red-dot" confinement and the spitting incident. Construing the allegations liberally, Mr. Boyd may intend to assert a claim for an unconstitutional condition of confinement. To state that claim, Mr. Boyd must allege an "extreme deprivation" and an official's "deliberate indifference." *Thomas v. Bryant*, 614 F.3d 1288, 1304 (11th Cir. 2010). The deprivation must be "sufficiently serious to constitute a denial of the minimal

civilized measure of life's necessities." *Id.* (citations omitted). "To be deliberately indifferent a prison official must know of and disregard an excessive risk to inmate health or safety." *Purcell v. Toombs County*, 400 F.3d 1313, 1319 (11th Cir. 2005). "Prison officials have a duty to protect prisoners from violence at the hands of other prisoners. It is not, however, every injury suffered by one prisoner at the hands of another that translates into a constitutional liability." *Id.* (citations and alterations omitted).

Mr. Boyd vaguely alleges that he was placed in "red-dot" confinement and that an unnamed person spit on him. He fails to describe the conditions of "red-dot" confinement much less establish that such conditions denied him a basic human need under contemporary standards of decency. Also, he fails to identify the person who spit on him and fails to show how the incident resulted in a deprivation of a constitutional right. He alleges no facts to establish a prison official's deliberate indifference to his needs or safety. Consequently, a claim based on an unconstitutional condition of confinement must be dismissed.

Also, Mr. Boyd may intend to state a claim for deliberate indifference to a serious medical need. To state this claim, a prisoner "must show: (1) a serious medical need; (2) a defendant's deliberate indifference to that need; and (3) causation between that indifference and the plaintiff's injury." *Melton v. Abston*, 841 F.3d 1207, 1220 (11th Cir. 2016). A serious medical need is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Hill v. Dekalb Reg'l*

*Youth Det. Ctr.*, 40 F.3d 1176, 1187 (11th Cir. 1994) (citations omitted). Mr. Boyd vaguely alleges that he has been denied his medications, although he supports this allegation with no details. Mr. Boyd fails to allege sufficient facts to establish these elements. Therefore, a claim for deliberate indifference to a serious medical need must be dismissed.

     C.    **Leave to Amend**

If Mr. Boyd wishes to proceed with his claims, he must file a Second Amended Complaint. The factual allegations must "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also* Fed. R. Civ. P. 8(a)(2). A complaint must give "the defendant fair notice of what the . . . claim is and the grounds upon which it rests" and provide "more than labels and conclusions [or] a formulaic recitation of the elements of a cause of action[.]" *Twombly*, 550 U.S. at 555. More than conclusory and vague allegations are required to state a cause of action under § 1983. *Fullman v. Graddick*, 739 F.2d 553, 556–57 (11th Cir. 1984). In the Second Amended Complaint, Mr. Boyd must identify each claim for relief, clearly state relevant facts that support each claim, and explain the involvement of each defendant in the alleged constitutional violations.

Also, Mr. Boyd must clarify whether he sues each defendant in his or her official or individual capacities. "For liability purposes, a suit against a public official in his official capacity is considered a suit against the local government entity he represents." *Owens v. Fulton Cnty*, 877 F.2d 947, 951 n.5 (11th Cir. 1989). To state a claim, Mr. Boyd must allege that "the moving force of the constitutional

violation" was an official policy, custom, or practice adopted by Pinellas County. *See Barnett v. MacArthur*, 956 F.3d 1291, 1296 (11th Cir. 2020).

To the extent that Mr. Boyd intends to bring a claim involving the grievance process, he is cautioned that a jail official's failure to process a grievance, without more, is not actionable under § 1983. "[A] prisoner does not have a constitutionally-protected liberty interest in an inmate grievance procedure." *Thomas v. Warner*, 237 F. App'x 435, 437–38 (11th Cir. 2007). Accordingly, a plaintiff's allegations "that prison officials failed to comply with the prison's voluntary grievance procedures does not state a due process claim." *Id.* at 438.

Finally, Mr. Boyd's supporting documents show that he faces criminal charges in state court. To the extent he contests the constitutionality of these charges, Mr. Boyd is cautioned that "a federal court may not interfere with ongoing state criminal proceedings except in the most extraordinary circumstances." *Lawrence v. Miami-Dade State Attorney*, 272 F. App'x 781, 781–82 (11th Cir. 2008). "Under the *Younger* abstention doctrine, to justify federal intervention, a petitioner must show manifest bad faith and injury that is great, immediate, and irreparable, constituting harassment of the plaintiff in the exercise of his constitutional rights, and resulting in a deprivation of meaningful access to the state courts." *Id.* (citations omitted).

### III.   Conclusion

Accordingly, the following is **ORDERED**:

1. Mr. Boyd's Amended Complaint is **DISMISSED WITHOUT**

      **PREJUDICE**.

2. If Mr. Boyd wishes to amend his complaint to remedy the noted deficiencies, he shall file a Second Amended Complaint by September 29, 2021.

   a. To amend his complaint, Mr. Boyd should complete a new civil rights complaint form, titling it "Second Amended Complaint." The Second Amended Complaint must include all of Mr. Boyd's claims. It may not refer back to, or incorporate, the original Complaint or the Amended Complaint. The Second Amended Complaint supersedes the Amended Complaint. *Malowney v. Fed. Collection Deposit Group*, 193 F.3d 1342, 1345 n.1 (11th Cir. 1999).

   b. The Second Amended Complaint will be subject to initial screening under 28 U.S.C. § 1915A.

   c. If Mr. Boyd fails to file a Second Amended Complaint by September 29, 2021, or to seek an extension of time to do so, this order dismissing his Amended Complaint without prejudice will become a final judgment. "[A]n order dismissing a complaint with leave to amend within a specified time becomes a final judgment if the time allowed for amendment expires without the plaintiff [amending his complaint or] seeking an extension. And when the order becomes a final judgment, the district court loses 'all its prejudgment powers to grant any more extensions' of time to amend the complaint." *Auto.*

*Alignment & Body Serv., Inc. v. State Farm Mut. Auto. Ins. Co.*, 953 F.3d 707, 720–21 (11th Cir. 2020) (quoting *Hertz Corp. v. Alamo Rent-A-Car, Inc.*, 16 F.3d 1126 (11th Cir. 1994)).

3. Mr. Boyd must notify the Court of any change of address. Mr. Boyd's failure to comply will result in the dismissal of this case without further notice.

4. The Clerk is directed to mail to Mr. Boyd both a copy of this order and the standard civil rights complaint form.

**ORDERED** in Tampa, Florida, on August 30, 2021.

WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE

**COPIES FURNISHED TO:**
Plaintiff, *pro se*