UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

THADDEUS BOYD,

    Plaintiff,

v.                                          Case No. 8:20-cv-2817-WFJ-SPF

OFFICER JEREMY HAYES,
OFFICER JEFF LEWIS,
CHIEF ANTHONY HOLLOWAY,
JACOB CERIZNOS,
DEPUTY DEBOY,
SERGEANT FRANJESIVIC,
JUDGE MICHAEL F. ANDREWS,
CORPORAL ANDREWS,
CLASSIFICATION OFFICER MCWILLIAMS,
CLASSIFICATION OFFICER PAOLLILIO,
DEPUTY DICE,
CAPTAIN MOYER,
SERGEANT TROUTMAN,
SERGEANT PATRUZI,
SERGEANT HASTINGS,
SHERIFF BOB GUALTIERI,
LAW CLERK APPEL
LAW CLERK BEAM, and
LAW CLERK NORLANDER,

    Defendants.
_____/

## ORDER

Defendant Sheriff Bob Gualtieri moves to dismiss Plaintiff Thaddeus Boyd's Second Amended Complaint filed under 42 U.S.C. § 1983. (Docs. 12 and 17) Mr. Boyd opposes dismissal of this action. (Doc. 24) For the reasons explained below, dismissal with prejudice on the four grounds presented in the motion is not warranted,

and therefore the motion must be denied. Additionally, the Court has screened the Second Amended Complaint for frivolity under 28 U.S.C. § 1915A and concludes that three of Mr. Boyd's claims may proceed for further development.

## I.     Background

Mr. Boyd, who is proceeding *pro se*, alleges that his constitutional rights were violated when he was a pretrial detainee at the Pinellas County jail. Mr. Boyd's initial Complaint was dismissed without prejudice to file an amended complaint on the proper prisoner civil rights complaint form. (Docs. 1 and 3)  In his Amended Complaint, which was filed on the proper form, Mr. Boyd named 21 defendants and alleged that his rights under the First, Third, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments were violated. (Doc. 6)  He asserted claims of retaliation, unconstitutional conditions of confinement, and deliberate indifference to a serious medical need.

The Court conducted a comprehensive screening of the Amended Complaint, as required under 28 U.S.C. § 1915A, and dismissed all of Mr. Boyd's claims without prejudice to the filing of a Second Amended Complaint. (Doc. 11)  After thoroughly explaining the legal standards governing Mr. Boyd's claims, the Court cautioned Mr. Boyd that he "must identify each claim for relief, clearly state relevant facts that support each claim, and explain the involvement of each defendant in the alleged constitutional violations." (*Id*. at 12)  The Court explained that the Second Amended Complaint "must include all of Mr. Boyd's claims" and would supersede the Amended Complaint. (*Id*. at 14)

2

Mr. Boyd now proceeds on his Second Amended Complaint. (Doc. 12) Mr. Boyd names 19 defendants and alleges that his rights under the First, Fourth, Sixth, and Fourteenth Amendments were violated. The defendants named in the Second Amended Complaint are not the same as those named in the initial Complaint or the Amended Complaint. Mr. Boyd adds new defendants to the action, drops some defendants from the action, and keeps some defendants.[1] Mr. Boyd asserts claims of retaliation, unconstitutional conditions of confinement, deliberate indifference to a serious medical need, loss of personal property, slander, taunting, and denial of access to the courts.

## II. The Second Amended Complaint

Mr. Boyd alleges that, on June 30, 2020, he was detained and arrested on charges of theft by Officers Hayes and Lewis, despite his protestations of innocence. (Doc. 12 at 8) His personal items, including his cell phone, were taken. (*Id.*) Later, Mr. Boyd wrote to the police department to complain about his missing phone. (*Id.*) Officers Hayes and Lewis "remembered [his] phone yet neither of them know where [his] phone went." (*Id.*)

---

[1] These defendants are added in the Second Amended Complaint: Hayes, Lewis, Holloway, Ceriznos, Patruzi, Norlander, and Appel. These defendants are dropped from the Second Amended Complaint: Decker, Bowman, Brinson, Serrano, Loftus, Renaker, Belvis, McNally, and Salvadir. These defendants are listed in both the Amended and Second Amended Complaint: Deboy, Judge Andrews, Corporal Andrews, McWilliams, Paollilio, Dice, Hastings, Troutman, Moyer, Gualtieri, and Beam. Franjesivic is a defendant listed in both the initial Complaint and the Second Amended Complaint, but not the Amended Complaint.

Because of a previous incarceration in 2007 during which he was on red-dot status, Mr. Boyd was "sped through booking" and placed in disciplinary confinement. (Doc. 12 at 9)  He was "placed in a red jump suit [and] separated from all other inmates." (*Id.*)  Mr. Boyd complained to Classification Specialists McWilliams and Paollilio about his placement in disciplinary confinement. (*Id.*)  He complained that he was improperly classified as a predator despite having no sex charges against him. (*Id.*)  He "went back and forth with them for an entire year" but his concerns were "ignored." (*Id.*)

Mr. Boyd has a recorded disability from multiple gun-shots and a spinal injury. (Doc. 12 at 12)  He has "partial paralysis, spinal injury, and seizures." (*Id.* at 9)  His "physical appearance [would] alert any sane person that [he is] disabled" and his medical records "speak for themselves." (*Id.*)  He made several complaints about "back pain, sneakers needed, astrophe[sic], limited mobility, and reported dangers of being forced to use stairs."[2] (*Id.*)  Also, he complained about the lack of rails in the shower and toilet. (*Id.*)  He fell "on more than one occasion." (*Id.*)  He has had to "defend [himself] from bullies." (*Id.*)  He advised staff "several times of discomfort from having to go to and from a six by nine in leg irons and shackles." (*Id.* at 12)  He complained to "medical" about his lack of mobility and "astrophe[sic] in his left ankle" but his requests to be removed from red-dot status were ignored. (*Id.*)

---

[2] Mr. Boyd was eventually granted a shoe pass on November 13, 2020.  (Doc. 12 at 12).

On July 7, 2020, inmate Jacob Ceriznos spit on Mr. Boyd.[3] (Doc. 12 at 9) Despite Mr. Boyd's complaints about the incident, Deputy Dice issued Mr. Boyd a disciplinary report. (*Id*. at 9–10) Deputy Deboy "packed [his] property then distributed various items to inmates in Delta." (*Id*. at 10) Corporal Andrews, Sergeant Franjesivic, and Deputies Dice and Deboy "surrounded [him] and made intimidating and provocative taunts to attempt to get [him] to be belligerent." (*Id*.) Despite the taunting, Mr. Boyd "remained calm" and was relocated. (*Id*.)

Mr. Boyd "was forced to remain on red dot for 6 months" and "remained on administrative confinement for 8 months." (Doc. 12 at 10) "This is where Sergeant Patruzi, Sergeant Troutman, and Sergeant Hastings became involved." (*Id*.) Sergeant Hastings told Mr. Boyd that Sergeant Troutman would handle his case. (*Id*.) Sergeant Troutman visited Mr. Boyd and gave him "a victim's rights card however [he] filed no such action." (*Id*.) After a disciplinary hearing, Mr. Boyd was given "5 days confinement," and Sergeant Patruzi told him not to appeal because he was already on red-dot status. (*Id*.)

Mr. Boyd complained about his red dot classification but he "was still punished further and kept on red-dot status as a retaliation [for] [his] grievance and exhaustion

---

[3] To the extent Mr. Boyd intends to state a claim against inmate Ceriznos for allegedly spitting on him on July 7, 2020, such claim must be dismissed with prejudice. "Section 1983 provides judicial remedies to a claimant who can prove that a person acting under color of state law committed an act that deprived the claimant of some right, privilege, or immunity protected by the Constitution or law of the United States." *Hale v. Tallapoosa Cty.*, 50 F.3d 1579, 1582 (11th Cir. 1995). Mr. Boyd has not alleged that Ceriznos, an inmate, is a state actor, nor does it seem likely that he can assert facts demonstrating that he is a state actor.

5

of administrative remed[ies]." (Doc. 12 at 10) "The more [Mr. Boyd] brought attention to [the] issue [it] would cause [him] more punishment." (*Id*.) He wrote Sheriff Gualtieri "on three occasions in reference to all of the above claims." (*Id*.) Captain Moyer responded to two of Mr. Boyd's letters, but his response was "insolent and negligent and a little insulting." (*Id*. at 11) Captain Moyer taunted him and called him a predator.[4][5] (*Id*.)

As a result of his improper red-dot classification and lengthy detention in disciplinary confinement, Mr. Boyd suffered muscle pain, join pain, nerve pain, mobility reduction, and humiliation. (Doc. 12 at 12) Mr. Boyd seeks to recover $500,000.00 in damages for inadequate conditions of confinement. (*Id*.) Also, he seeks to recover $100,000.00 for the loss of his phone. (*Id*.)

---

[4] Also, Mr. Boyd alleges he unsuccessfully sought unspecified injunctive relief against Judge Michael F. Andrews. (Doc. 12 at 11) His request for injunctive relief appears to be related to his criminal prosecution in state court and unrelated to his conditions of confinement. To the extent that Mr. Boyd intends to state a claim against Judge Andrews in his capacity as the presiding judge over his criminal prosecution, such claim must be dismissed with prejudice. As the Court previously explained (Doc. 11 at 6), judges have immunity when they act in their judicial capacity. *See Sibley v. Lando*, 547 F.3d 1067, 1070 (11th Cir. 2005).

[5] Also, Mr. Boyd alleges that his legal mail has been tampered with and that he has been denied access to the law library, envelopes, and copies of legal documents, causing him to miss unspecified court deadlines. (Doc. 12 at 11) These allegations are liberally construed as a claim of a violation of his constitutional right of access to the courts. However, this claim was not asserted in the prior pleadings, and it is not "arising out of the same transaction, occurrence, or series of transactions or occurrences" as the conditions-of-confinement claims in this action. *See* Fed. R. Civ. P. 20(a)(2). Therefore, the access-to-courts claim, as asserted against Law Clerks Norlander, Appeal, and Beam, is dismissed without prejudice to Mr. Boyd asserting the claim in a new action with a new case number.

### III.    Gualtieri's Motion to Dismiss

Despite not being formally served, Sheriff Gualtieri moves to dismiss this action on four grounds.

#### A.    Dismissal for failure to serve

First, Sheriff Gualtieri argues that this action should be dismissed because Mr. Boyd has not timely served him (or any of the defendants), nor has he made any efforts to do so. (Doc. 17 at 4–5) Dismissal on this basis is not warranted because Mr. Boyd has been granted in forma pauperis status (Doc. 10), and the Court has not yet ordered service to be made by a United States Marshal. *Rance v. Rocksolid Granit USA, Inc.*, 583 F.3d 1284, 1286 (11th Cir. 2009) ("Together, Rule 4(c)(2)[, Federal Rules of Civil Procedure,] and 28 U.S.C. § 1915(c) stand for the proposition that when a plaintiff is proceeding in forma pauperis the court is obligated to issue plaintiff's process to a United States Marshal who must in turn effectuate service upon the defendants, thereby relieving a plaintiff of the burden to serve process once reasonable steps have been taken to identify for the court the defendant named in the complaint."); *see also Giddens v. Brooks County, Ga.*, No. 21-11755, 2022 WL 836273, at * 6 (11th Cir. Mar. 21, 2022) (citing *Rance*, "When a plaintiff is proceeding IFP under section 1915, the district court must order the USMS to effectuate service upon defendants, provided that the plaintiff has made reasonable efforts to identify the defendants to be served.").

7

### B. Dismissal for failure to allege a physical injury

Next, Sheriff Gualtieri argues that this action should be dismissed because Mr. Boyd fails to allege that Sheriff Gualtieri's conduct caused him to suffer a physical injury. (Doc. 17 at 6) This argument fails because the Prisoner Litigation Reform Act, 42 U.S.C. § 1997e(e), "does not bar a prisoner from recovering nominal damages without a showing of physical injury." *Brooks v. Warden*, 800 F. 3d 1295, 1308 (11th Cir. 2015); *see also Hoever v. Marks*, 993 F.3d 1353, 1360 (11th Cir. 2021) ("The physical injury requirement is not a bar to filing suit, only a limitation on recovery. And § 1997e(e) limits a prisoner only from recovering damages that redress, or compensate him for, a mental or emotional injury, when no physical injury is shown."). Regardless, Mr. Boyd does, in fact, allege a physical injury. Although Mr. Boyd does not allege that Sheriff Gualtieri himself physically injured Mr. Boyd, he sues Sheriff Gualtieri in his supervisory capacity and alleges that, due to his improper red-dot classification and lengthy detention in disciplinary confinement, he fell more than once and suffered muscle pain, joint pain, nerve pain, and mobility reduction.

### C. Dismissal for abuse of judicial process

Next, Sheriff Gualtieri argues that this action should be dismissed because "[Mr.] Boyd lied to the Court about his prior lawsuits." (Doc. 17 at 6) At the time Mr. Boyd initiated this action, he had previously filed three cases in this federal court. *See Boyd v. Pinellas County Sheriff's Office*, 8:05-cv-1742-SDM-MAP (dismissed without prejudice for failure to pay the filing fee or apply for in forma pauperis status and failure to use the proper complaint form); *Boyd v. Coats*, 8:06-cv-161-SDM-EAJ

8

(dismissed without prejudice for failure to state a claim); and *Boyd v. Coats*, 8:06-cv-293-RAL-TGW (dismissed without prejudice for failure to exhaust administrative remedies). In his Second Amended Complaint, Mr. Boyd did not answer the question, "Have you filed other lawsuits in state or federal court otherwise relating to the conditions of your imprisonment?" and therefore did not disclose these prior federal cases. (Doc. 12 at 16)

After initiating this action, Mr. Boyd filed two more cases in this federal court. *See Boyd v. St. Petersburg Police Dep't*, 8:21-cv-1839-KKM-AAS (dismissed without prejudice for failure to timely file an amended complaint on the proper form); *Boyd v. Gilmore*, 8:21-cv-2630-CEH-SPF (dismissed without prejudice for lack of prosecution). Sheriff Gualtieri argues this is the kind of bad-faith recreational litigation that 28 U.S.C. § 1915 is intended to prevent.

"A dismissal with prejudice under § 1915 is an extreme sanction to be exercised only in appropriate cases." *Young v. Sec'y Fla. Dept of Corrs.*, 380 F. App'x 939, 940 (11th Cir. 2010) (quotation omitted) (affirming dismissal with prejudice for failing to disclose prior cases when the prisoner failed to cure the defect after being warned). However, "while dismissal of an action with prejudice is a sanction of last resort, it is appropriate in cases involving bad faith." *Dawson v. Lennon*, 797 F.2d 934, 935 (11th Cir. 1986).

Dismissal with prejudice for abuse of judicial process is too extreme a sanction under the circumstances presented here. Mr. Boyd failed to disclose prior federal lawsuits that involved a different set of alleged facts that occurred approximately 15

years ago. Furthermore, Mr. Boyd represents—and the Court is unable to find evidence to contradict—that this action is the only federal case in which he is actively pursuing a civil rights claim based on the conditions of his confinement after his arrest on June 30, 2020. (Doc. 24 at 9)

Sheriff Gualtieri's reliance on *Sheldon v. Rohrs*, 406 F. App'x 340, 341 (11th Cir. 2010) is misplaced. In *Sheldon*, the appellate court affirmed the dismissal *without* prejudice of a case initiated by a prisoner who checked "no" to the question on the complaint form asking whether he had filed any other actions, when he had filed at least four prior federal civil actions. The appellate court explained that dismissal without prejudice was not an abuse of discretion because the prisoner "may refile his complaint with a correct response to the questions asked." *Id.* Here, Sheriff Gualtieri is seeking dismissal *with* prejudice as a sanction for failure to disclose prior unrelated lawsuits. Caselaw does not support dismissal with prejudice under these circumstances.

### D. Dismissal under *Heck*

Finally, Sheriff Gualtieri argues that Mr. Boyd's claims that pertain to the circumstances of his arrest, prosecution, and ultimate conviction are barred by *Heck v. Humphrey*, 512 U.S. 477, 487–87 (1994). *Heck* is inapplicable because Mr. Boyd does not assert claims pertaining to his arrest, prosecution, or conviction. Instead, his claims concern the conditions of his confinement, and a judgment in his favor on these

claims would not necessarily imply the invalidity of his conviction and sentence. Dismissal under *Heck* is not warranted.

## IV. Screening under 28 U.S.C. § 1915A

In his Second Amended Complaint, Mr. Boyd invokes his rights under the First, Fourth, Sixth, and Fourteenth Amendments.[6] He asserts claims of retaliation, unconstitutional conditions of confinement, deliberate indifference to a serious medical need, loss of personal property, slander, and taunting.

### A. Retaliation

The Court previously set forth the applicable standards for a retaliation claim arising under the First Amendment. (Doc. 11 at 7–8) Mr. Boyd alleges that he complained about his red dot classification to Classification Specialists McWilliams and Paollilio, and to Sergeants Patruzi, Troutman, and Hastings. He wrote letters to Sheriff Gualtieri to which Captain Moyer responded, but he "was still punished further and kept on red-dot status as a retaliation [for] [his] grievance and exhaustion of administrative remed[ies]." (Doc. 12 at 10) These allegations are sufficient to proceed to service of process on a retaliation claim against Classification Specialists McWilliams and Paollilio, Sergeants Patruzi, Troutman, and Hastings, Sheriff Gualtieri, and Captain Moyer.

---

[6] The Court previously explained that the Fourth Amendment is inapplicable because Mr. Boyd's allegations concern events that occurred after he was arrested, while he was pretrial detainee. (Doc. 11 at 8–9) Mr. Boyd may not pursue a claim arising under the Fourth Amendment in this action. Also, the Court previously explained that this action presents no plausible basis for relief under the Sixth Amendment. (Doc. 11 at 10) Mr. Boyd may not pursue a claim arising under the Sixth Amendment in this action.

11

### B.     Unconstitutional conditions of confinement

The Court previously set forth the applicable standards for a claim based on unconstitutional conditions of confinement. (Doc. 11 at 11) Mr. Boyd alleges that he "was forced to remain on red dot for 6 months" and "remained on administrative confinement for 8 months," despite his repeated protestations about being misclassified as a predator who must be housed in disciplinary confinement. He alleges that, despite his obvious disabilities and limited mobility, he was held in disciplinary confinement with no railing in the shower or toilet and was subjected to mistreatment by other inmates. These allegations are sufficient to proceed to service of process for further development of this conditions-of-confinement claim against Classification Specialists McWilliams and Paollilio, Sergeants Patruzi, Troutman, and Hastings, Sheriff Gualtieri, and Captain Moyer. *See Melendez v. Sec'y, Fla. Dep't of Corr.*, No. 21-13455, 2022 WL 1124753, at *10 (11th Cir. Apr. 15, 2022) ("[C]ertain 'conditions of confinement may establish an Eighth Amendment violation in combination when each would not do so alone, but only when they have a mutually enforcing effect that produces the deprivation of a single, identifiable human need.'") (quoting *Wilson v. Seiter*, 501 U.S. 294, 304 (1991)).

### C.     Deliberate indifference to a serious medical need

The Court previously set forth the applicable standards for a claim based on deliberate indifference to a serious medical need. (Doc. 11 at 11–12) Mr. Boyd alleges that he suffers from an obvious, recorded disability, and that prison officials were deliberately indifferent to his serious medical needs because they forced him to remain

12

in disciplinary confinement for an extended period despite his repeated complaints. These allegations are sufficient to proceed to service of process for further development of this deliberate indifference claim against Classification Specialists McWilliams and Paollilio, Sergeants Patruzi, Troutman, and Hastings, Sheriff Gualtieri, and Captain Moyer.

### D. Loss of personal property

Mr. Boyd alleges that his cell phone was taken from him during his arrest and ultimately "misplaced," for which he seeks to recover $100,000.00. (Doc. 12 at 12) Also, he alleges that Deputy Deboy "packed [his] property then distributed various items to inmates in Delta." (*Id.* at 10)

Mr. Boyd, however, may not pursue a claim for the loss of his personal property in this action. "[T]he Due Process Clause simply is not implicated by a negligent act of an official causing unintended loss of . . . property." *Daniels v. Williams*, 474 U.S. 327, 328 (1986) (emphasis in original). And, "intentional deprivations [of property] do[] not violate the [Due Process] Clause provided, of course, that adequate state post-deprivation remedies are available." *Hudson v. Palmer*, 468 U.S. 517, 533 (1984). Mr. Boyd alleges that the arresting officers "remembered [his] phone yet neither of them know where [his] phone went," and that Deputy Deboy gave his personal property to other inmates. (Doc. 12 at 8 and 10) Even if, as suggested, these acts were intentional, Mr. Boyd has an adequate post-deprivation remedy under state law. Under Florida law, he can sue the individuals responsible for conversion of his personal property. *See Jackson v. Hill*, 569 F. App'x 697, 698 (11th Cir. 2014) (affirming the dismissal of a

prisoner's destruction of property claim against prison officials because the prisoner could sue the officials for conversion). Because amendment of any claim based on the loss of Mr. Boyd's personal property would be futile, this loss of personal property claim—as asserted against Officers Hayes and Lewis and Deputy Deboy, as well as Chief of Police Anthony Holloway in his official capacity—is dismissed with prejudice. *Woldeab v. Dekalb Cty. Bd. of Educ.*, 885 F.3d 1289, 1291 (11th Cir. 2018) ("[A] district court need not grant leave to amend when . . . a more carefully drafted complaint could not state a claim.") (quotations omitted).

### E.   Slander and taunting

Mr. Boyd alleges that Corporal Andrews, Sergeant Franjesivic, and Deputies Dice and Deboy "surrounded [him] and made intimidating and provocative taunts to attempt to get [him] to be belligerent." (Doc. 12 at 10)  Also, he alleges that Captain Moyer taunted him and called him a predator. (*Id*. at 11)  However, such conduct does not rise to the level of a constitutional violation. *See Hernandez v. Florida Dep't of Corr.*, 281 F. App'x 862, 866 (11th Cir. 2008) (holding that "verbal abuse alone is insufficient to state a constitutional claim"); *Edwards v. Gilbert*, 867 F.2d 1271, 1274 n.1 (11th Cir. 1989) (noting that verbal taunts, alone, are insufficient to state a constitutional violation); *Munera v. Metro West Detention Ctr.*, 351 F. Supp. 2d 1353, 1362 (S.D. Fla. 2004) ("Verbal abuse and threats alone are not actionable as a matter of law."); *Crenshaw v. City of Defuniak Springs*, 891 F. Supp. 1548, 1555 (N.D. Fla. 1995) (holding that "verbal harassment and abusive language, while 'unprofessional and inexcusable,' are simply not sufficient to state a constitutional claim under Section

14

1983"). Because amendment of any claim based on slander or taunting would be futile, this claim—as asserted against Corporal Andrews, Sergeant Franjesivic, Deputies Dice and Deboy, and Captain Moyer—is dismissed with prejudice. *See Woldeab*, 885 F.3d at 1291.

## V.  Conclusion

Accordingly, it is **ORDERED** that:

1. Sheriff Gualtieri's Motion to Dismiss (Doc. 17) is **DENIED**.

2. The claim of loss of personal property asserted against Officers Hayes and Lewis, Deputy Deboy, and Chief Holloway is **DISMISSED WITH PREJUDICE**.

3. The claims of slander and taunting asserted against Corporal Andrews, Sergeant Franjesivic, Deputies Dice and Deboy, and Captain Moyer are **DISMISSED WITH PREJUDICE**.

4. The claim of denial of access to the courts asserted against Law Clerks Appel, Beam, and Norlander, is **DISMISSED WITHOUT PREJUDICE** to Mr. Boyd asserting the claim in a new action with a new case number, as explained in footnote 2.

5. Any claim asserted against inmate Ceriznos is **DISMISSED WITH PREJUDICE** as explained in footnote 3.

6. Any claim asserted against Judge Andrews is **DISMISSED WITH PREJUDICE** as explained in footnote 4.

7. The claims of retaliation, deliberate indifference to a serious medical need, and unconstitutional conditions of confinement asserted against Classification Specialists McWilliams and Paollilio, Sergeants Patruzi, Troutman, and Hastings, Sheriff Gualtieri, and Captain Moyer may proceed to service of process.

8. The Clerk shall **MAIL** to Mr. Boyd the service of process forms. He must comply with the instructions provided with the forms and must return the completed forms within **THIRTY DAYS**. Following receipt of the completed forms, the Court will, by separate order, direct the United States Marshals Service to effect service of process. Mr. Boyd's failure to timely comply with this order will result in dismissal of this action without further notice.

**ORDERED** in Tampa, Florida, on July 29, 2022.

*[signature]*
WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE

**COPIES FURNISHED TO:**
Counsel of record and Plaintiff, *pro se*